## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **GOGLOW ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **GP MBM, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND DEMAND FOR JURY TRIAL

Plaintiff, goGLOW Enterprises, LLC ("goGLOW"), brings this action to recover for the damage caused by, and to prevent further damage arising from, the unlawful use of goGLOW's trademark $\mathbf{g}$ by Defendant, GP MBM, LLC ("Defendant"). Defendant's unlawful use of goGLOW's trademark $\mathbf{g}$ gives rise to the claims that goGLOW asserts in this Complaint including: (1) federal trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin and false description and representation under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair and deceptive practices under Minn. Stat. Ann. § 325D.43, *et. seq.*; (4) common law trademark infringement and unfair competition; and (5) Attorneys' Fees. goGLOW, for its Complaint against Defendant, alleges by and through its attorney as follows:

**PARTIES**

1.       goGLOW is a limited liability company organized and existing under the laws of the State of Minnesota.  goGLOW has its principal place of business at 7493 France Ave, Edina, Minnesota 55435.  goGLOW offers health, beauty and personal self-care goods and services in the nature of spray tanning salon services and skin care preparations including cleansers, moisturizers and sunless tanning products.

2.       On information and belief, Defendant is a limited liability company organized and existing under the laws of Arizona, with a principal place of business at 1890 Wynkoop Street, Unit 1, Denver, Colorado 80202.

**JURISDICTION AND VENUE**

3.       This is an action arising under the trademark and unfair-competition statutes of the United States.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has supplemental jurisdiction over the remaining claims in this complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.       This Court has personal jurisdiction over Defendant pursuant to the provisions of the Minnesota long arm statute, Minn. Stat. Ann. § 543.19 *et seq.*, and the laws of the United States, because Defendant has consented to the jurisdiction of this Court because (1) Defendant's wrongful conduct in Minnesota injured goGLOW in Minnesota and thus is within this Court's jurisdiction and (2) Defendant's wrongful

conduct outside of Minnesota injured goGLOW in Minnesota and thus is within this Court's jurisdiction.  Defendant has had sufficient contacts with the State of Minnesota and has purposefully availed itself of the laws of the State of Minnesota such that exercise of this jurisdiction does not offend the notions fairness and substantial justice.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS AND BACKGROUND

6.     goGLOW provides health, beauty and personal self-care goods and services in the nature of spray-tanning salon services and skin-care preparations including cleansers, moisturizers and sunless tanning products.

7.     In connection with these aforementioned goods and services, for over six consecutive years, goGLOW has provided its goods and services under the mark " $g$ ". As a result of goGLOW's use of the $g$ mark, and the high quality of goGLOW's goods and services, the mark has become widely known in the industry, is closely identified with goGLOW, and represents substantial and valuable goodwill.

8.     In connection with its $g$ mark, goGLOW has a registered trademark, Regis. No. 5278192, for the stylized logo, , with the United States Patent and trademark Office, registered on August 29, 2017, for use in connection with International Class 3 "Skin gels for accelerating, enhancing or extending tans" and International Class 44 "Spray tanning" (the "  Mark").  Attached as Exhibit A is a true and correct copy of the registration certificate. goGLOW is the owner of all right, title and interest in the

3

Mark.  goGLOW has the right to sue and recover damages for infringement of the

Mark.

9.      In connection with its _g_ mark, goGLOW has a registered trademark,

Regis. No. 5278191, for the stylized logo, **go**ᴳᴸᴼᵂ, with the United States Patent and

trademark Office, registered on August 29, 2017, for use in connection with International

Class 3 "Skin gels for accelerating, enhancing or extending tans" and International Class

44 "Spray tanning" (the " **go**ᴳᴸᴼᵂ Mark").  Attached as Exhibit B is a true and correct copy

of the registration certificate. goGLOW is the owner of all right, title and interest in the

**go**ᴳᴸᴼᵂ Mark.  goGLOW has the right to sue and recover damages for infringement of the

**go**ᴳᴸᴼᵂ Mark.

10.      In connection with its _g_ mark, goGLOW has filed a trademark application,

Serial No. 98/134,366, for the stylized logo,  _g_  , with the United States Patent and

Trademark Office on August 15, 2023 for use in connection with International Class 3

"Skin gels for accelerating, enhancing or extending tans; Non-medicated skin care

preparations" and International Class 44 "Spray tanning salon services; Tanning salons"

(the " _g_ Application Mark"). Attached as Exhibit C is a true and correct copy of the

application. goGLOW is the owner of all right, title and interest in the _g_ Application

Mark.  goGLOW has the right to sue and recover damages for infringement of the _g_

Application Mark. Hereinafter, the ⚡ Mark, the **go**GLOW Mark and the g Application Mark will be collectively referred to as the "g Marks."

11.    goGLOW has also expended substantial sums of money and time in the development, advertising, and promotion of the g Marks.  As a result, the g Marks have achieved enormous recognition and corresponding goodwill within the fields of spray-tanning salon services and skin-care preparations including cleansers, moisturizers and sunless tanning products and have come to be recognized and relied on by the trade as identifying goods and services originating exclusively with goGLOW, which are of very high quality.  Thus the g Marks are recognized as a leading brand in the industry. The g Marks are strong marks.

<u>**DEFENDANT'S UNLAWFUL USE OF GOGLOW'S TRADEMARK**</u>

12.    Defendant claims to offer membership services related to beauty, wellness, health and self-care services. Defendant's website claims, "Looking good now looks (and feels) better than ever with the GlowPass™ membership! Enjoy your "me time" while saving on beauty and wellness services that make you glow inside and out." Attached hereto as Exhibit D.

13.    In connection with its business, Defendant has adopted and is using the

service mark " **g** " in connection with services that are related and competitive to the health, beauty and personal self-care services provided by goGLOW in connection with

the $g$ Marks. goGLOW has never and does not now sponsor, endorse, authorize or permit Defendant's use of the $g$ Marks.

| goGLOW's Federally Registered $g$ Mark | goGLOW's Federally Registered $go$ Mark | goGLOW's Federal $g$ Application Mark | Defendant's Infringing $g$ Mark |
|---|---|---|---|

14.     Defendant filed a trademark application on December 23, 2021 that matured into a registration on June 12, 2023, Regis. No. 7,082,103, for the stylized logo,

$g$

, with the United States Patent and Trademark Office.   That registration identifies the following International Class 35 services: "Administering a multi-brand discount membership program for enabling participants to receive discounts on the cost of health, beauty and personal services through use of a membership card; Providing discounts on the cost of health, beauty and personal services by means of a monthly multi-brand discount membership program for participants through use of a membership card; Administering a multi-brand discount membership program for enabling participants to receive discounts on the cost of health, beauty and personal services, namely, massages, lashes and lash extension products and services, hair care and styling

6

products and services, and waxing products and services through the use of a membership card; Administering a discount program for program members to receive discounts on the cost of goods and services of participating health, beauty, and personal service brands through use of a discount membership card" (the "Infringing **g** Mark"). Defendant claims to have first used the Infringing **g** Mark in commerce as early as January 17, 2022. Attached as Exhibit E is a true and correct copy of the registration certificate.

15.     On information and belief, Defendant offers, marketed, advertised and sells its services under the Infringing **g** Mark in the same health, beauty, and personal self-care service industries and trade channels as goGLOW offers its goods and services, including but not limited to within the State of Minnesota.

16.     On information and belief, Defendant offers, marketed, advertised and sells its health, beauty, and personal self-care services under the Infringing **g** Mark to the same type of health, beauty and personal self-care consumers as goGLOW, including but not limited to within the State of Minnesota.

17.     On July 10, 2023, goGLOW informed Defendant by letter of Defendant's infringement and of goGLOW's ownership and prior use of the **g** Marks. goGLOW requested Defendant to cease and desist further use of the Infringing **g** Mark. See Exhibit F.

18.    On August 4, 2023, Defendant responded to goGLOW's letter and refused to comply with the demands from goGLOW. See Exhibit G.

19.    On information and belief, Defendant has knowledge and notice of the $\mathbf{g}$ Marks and goGLOW's rights, goodwill, and valuable reputation in and to the $\mathbf{g}$ Marks. Defendant has used and continues to use the Infringing $\mathbf{g}$ Mark for the purpose of taking advantage of goGLOW's goodwill and valuable reputation in the $\mathbf{g}$ Marks, and to convey that its goods and services are of the same high quality and standards as the with goods and services rendered and sold by goGLOW.  By using the Infringing $\mathbf{g}$ Mark, Defendant is misleading the public into believing that Defendant and its goods and services are endorsed or sponsored by, or otherwise associated, with goGLOW and Defendant is therefore misappropriating goGLOW's goodwill and reputation.

20.    Defendant's actions are willful, wanton, and in deliberate disregard of goGLOW's rights, and are done to cause confusion, and make this an exceptional case.

21.    goGLOW has been and will continue to be irreparably harmed by Defendant's illegal and unauthorized use of the Infringing $\mathbf{g}$ Mark and by Defendant's acts of infringement, unfair competition and false designation of origin, and unfair and deceptive trade practices.

22.    goGLOW has no adequate remedy at law.

## COUNT I
### (Federal Trademark Infringement – 15 U.S.C. §1114)

23.     goGLOW incorporates by reference the allegations set forth in Paragraphs 1-22 of this Complaint as though fully set forth herein.

24.     This Count arises under 15 U.S.C. § 1114, Section 32 of the Lanham Act, for trademark infringement.

25.     Defendant has used in commerce, without goGLOW's permission, confusingly similar variations, copies or colorable imitations of the $g$ Marks in connection with distributing, selling, offering for sale, advertising, and/or promoting Defendants' services.

26.     Defendant's unauthorized use in commerce of the Infringing $g$ Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by goGLOW, or that Defendant is in some way affiliated with or sponsored by goGLOW.

27.     On information and belief, Defendant adopted and began using the Infringing Mark with knowledge of goGLOW's registrations and prior rights. Defendant thus had actual knowledge of goGLOW's ownership and prior use of the $g$ Marks, and, without the consent of goGLOW, Defendant has willfully infringed the $g$ Marks in violation of 15 U.S.C. § 1114.

28.     goGLOW is informed and believes, and on that basis alleges, that Defendant's activities complained of herein constitute willful and intentional infringement of the $\mathcal{G}$ Marks, and that Defendant did so with the intent to compete unfairly compete with goGLOW, to trade upon goGLOW's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's services are associated with, sponsored by, originated from, or are approved by goGLOW, when they are not.

29.     Defendant's conduct is causing immediate and irreparable harm and injury to goGLOW, and to goGLOW's goodwill and reputation, and will continue to both damage goGLOW and confuse the public unless enjoined by this court. goGLOW has no adequate remedy at law.

30.     goGLOW is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
**(Federal Unfair Competition and False Designation of Origin – 15 U.S.C. §1125(a))**

31.     goGLOW incorporates by reference the allegations set forth in Paragraphs 1-30 of this Complaint as though fully set forth herein.

32.     This Count arises under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act, for unfair competition, false designation, misleading description of fact, and misleading representation of goodwill and services as to their nature and origin.

33.     Well after the adoption and use by goGLOW of the $\mathbf{\dot{g}}$ Marks, Defendant

adopted and began using the Infringing $\mathbf{g}$ Mark in connection with the sale and

offering of related and competitive health, beauty and personal self-care services.

34.     The mark adopted by Defendant is confusingly similar to goGLOW's $\mathbf{\dot{g}}$

Marks, and the use of this trademark by Defendant is likely to cause confusion, mistake

and deceive customers.

35.     goGLOW has not authorized Defendant to use the $\mathbf{\dot{g}}$ Marks.  Despite these

facts, Defendant has used and continues to use the Infringing $\mathbf{g}$ Mark in commerce in

a manner likely to cause confusion or mistake as to the origin of its services.  Because of

Defendant's wrongful use of the Infringing $\mathbf{g}$ Mark, Defendant is deceptively leading

consumers to believe that Defendant's services originate with or affiliated with or are

sponsored or endorsed by or otherwise approved by goGLOW, in violation of section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Defendant's unauthorized use in commerce of the Infringing $\mathbf{g}$ Mark as

alleged herein constitutes use of a false designation of origin and misleading description

and representation of fact.

37.     Defendant has committed, is now committing, and will continue to commit

the acts described above, because the Defendant has refused to cease committing those

acts after due notice of goGLOW's rights and will continue to commit those acts unless enjoined by this Court.

38.     Upon information and belief, Defendant is intentionally and willfully deceiving the public while depriving goGLOW of the sales and profits it would otherwise obtain, and Defendant has irreparably damaged the valuable reputation and goodwill of goGLOW and the goGLOW $\mathbf{g}$ Marks.

39.     Defendant's acts entitle goGLOW to damages for all of Defendant's profits derived from their past unlawful conduct and to all of Plaintiffs' lost profits from lost sales of genuine goodwill due to Defendant's conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. §1117(c).

40.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to goGLOW, and to its goodwill and reputation, and will continue to both damage goGLOW and confuse the public unless enjoined by this court. goGLOW has no adequate remedy at law, and the balance of the equities favors goGLOW. goGLOW has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions. Pursuant to 15 U.S.C. §§ 1116, goGLOW is entitled to an injunction to prevent violation of its rights in the $\mathbf{g}$ Marks.

## COUNT III
### (Unfair Competition and Deceptive Trade Practices, Minnesota Deceptive Trade Practices Act, Minn. Stat. Ann. §§ 325D.43 to 325D.48.)

41.     goGLOW incorporates by reference the allegations set forth in Paragraphs 1-40 of this Complaint as though fully set forth herein.

42.     The acts and conduct of Defendant as alleged above constitute unfair competition and deceptive trade practice as defined by the Minnesota Deceptive Trade Practices Act, Minn. Stat. Ann. § 325D.43 *et seq.*

43.     Defendant, among other things, is likely to cause or has caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goodwill or services or confusion among customers and the public as to goGLOW'S sponsorship, approval or certification of Defendant's competing services in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. Ann. § 325D.43 *et seq.*

44.     Defendant's conduct as alleged above has damaged and will continue to damage goGLOW'S goodwill and reputation and has resulted in losses to goGLOW and an illicit gain of profit to Defendant in an amount that is unknown at the present time.

45.     goGLOW is entitled to an award of damages resulting from Defendant's violations under Minn. Stat. Ann. § 325D.45. Furthermore, because Defendant's wrongful acts are willful and knowing, goGLOW is entitled to costs and attorneys' fees pursuant to Minn. Stat. Ann. § 325D.45.

46.     goGLOW has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions. Plaintiff therefore is also entitled to a

declaratory judgment and injunction prohibiting such unfair practices, pursuant to Minn. Stat. Ann. § 325D.45.

## COUNT IV
### (Common Law Trademark Infringement and Unfair Competition)

47.     goGLOW incorporates by reference the allegations set forth in Paragraphs 1-46 of this Complaint as though fully set forth herein.

48.     Defendant's acts constitute unfair competition and misappropriation of goGLOW's $g$ Marks, business reputation and goodwill, under the common law of the State of Minnesota.

49.     Defendant's acts are intended to attract attention to Defendant's goodwill and services and thereby gain a commercial advantage by attracting business by the use of goGLOW'S goodwill.

50.     Defendant's activities have caused and will cause irreparable harm, damage, and injury to goGLOW, for which goGLOW has no adequate remedy at law.

51.     Defendant's activities have damaged, are damaging, and will continue to damage goGLOW in an amount as yet undetermined.

52.     goGLOW has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions.

## COUNT V
### (Cancellation of Trademark Registration Under 15 U.S.C. § 1064)

53.     goGLOW incorporates by reference the allegations set forth in Paragraphs 1-52 of this Complaint as though fully set forth herein.

54.     The Lanham Act permits a person or entity to seek cancellation of a trademark registration if an entity if that entity believes that it will be damaged by the registration of a mark on the Principal Register. *See* 15 U.S.C. § 1064.

55.     goGLOW is damaged and will continued to be damaged by the use and registration of the Infringing **g** Mark within the meaning of 15 U.S.C. § 1064.

56.     Accordingly, under the powers granted to this Court under Section 37 of the Lanham Act 15 U.S.C. § 1119, this Court should enter an order directing the United States Patent and Trademark Office to cancel the Infringing **g** Mark federal trademark registration, Regis. No. 7,082,103.

## PRAYER FOR RELIEF

**WHEREFORE**, goGLOW prays for the following relief:

1.     That the Court issue a preliminary and permanent injunction under Counts I, II, and, III including, but not limited to, an Order enjoining Defendant from using any trademarks or other proprietary marks, symbols, designs, or logos of goGLOW;

2.     That within five days from the date of such Order, Defendant remove any exterior signs or advertisement containing the Infringing **g** Mark or any other mark that infringes the **g** Marks or any other proprietary mark of goGLOW from Defendant's places of business, and remove all other items used by Defendant in connection with the operation of its business which contain the Infringing **g** Mark or any other mark that

infringes the $\dot{g}$ Marks or goGLOW'S other proprietary marks and names, including but not limited to signs, pictures, advertisements and flyers, from Defendant's premises and placed in storage and be made available to goGLOW for inspection and destruction;

3.      That within five days from the date of such Order, Defendant cancel with prejudice any and all of its registrations for the Infringing $\mathbf{g}$ Mark, including federal U.S. Regis. No. 7,082,103;

4.      That goGLOW recovers its damages under Counts I, II, and, III incurred as a result of Defendant's continued unauthorized use of the Infringing $\mathbf{g}$ Mark, including without limitation the revenues and profits received by Defendant from its use of such mark;

5.      That goGLOW recovers its reasonable attorneys' fees and expenses incurred in connection with bringing this action;

6.      That all costs of this action be charged against Defendant;

7.      Find Defendant's conduct to be willful and wanton;

8.      Find this to be an exceptional case; and

9.      That the Court grant such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

goGLOW requests a trial by jury on all issues so triable.

Dated:  September 1, 2023

Respectfully submitted,

 *s/ Emeric J. Dwyer*
Emeric J. Dwyer (MN ID #389471)
Allison E. Cole (MN ID #0402640)
Chestnut Cambronne PA
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401-2048
T 612.339.7300
F 612.336.2940
edwyer@chestnutcambronne.com

*Attorney for Plaintiff goGLOW
Enterprises, LLC*