UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

goGLOW ENTERPRISES, LLC,

                Plaintiff,

v.

GP MBM, LLC,

                Defendant.

Civil No. 23-2698 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY**

---

Allison Cole and Emeric J. Dwyer, **Chestnut Cambronne PA**, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401, for Plaintiff.

David Scott Becker, **Dickinson Wright PLLC**, 55 West Monroe Street, Suite 1200, Chicago, IL 60603; David E. Suchar and Terrance C. Newby, **Maslon LLP**, 225 South Sixth Street, Suite 2900, Minneapolis, MN 55402, for Defendant.

goGLOW Enterprises, LLC ("goGLOW") brings this action against Defendant GP MBM, LLC ("GP MBM") asserting four claims arising out of trademark infringement and unfair competition. GP MBM moved to dismiss this action for lack of general personal jurisdiction. In response, goGLOW moved to conduct jurisdictional discovery. Because the Court finds that goGLOW is not subject to general jurisdiction in Minnesota and the facts necessary to resolve the jurisdictional question are not unknown or disputed, the Court will grant GP MBM's Motion to Dismiss and deny goGLOW's Motion for Jurisdictional Discovery.

**BACKGROUND**

I.  **FACTUAL BACKGROUND**

goGLOW is a Minnesota limited liability company with its principal place of business in Minnesota. (Compl. ¶ 1, Sept. 1, 2023, Docket No. 1.) The company offers health, beauty, and personal selfcare goods and services in spray tanning salon services and skin care products. (*Id.*)

GP MBM is an Arizona limited liability company with its principal place of business in Colorado. (*Id.* ¶ 2.) GP MBM is an affiliate of WellBiz Brands, Inc. ("WellBiz"), which manages four beauty and wellness brands: Drybar, Elements Massage, Radiant Waxing, and Amazing Lash Studio (collectively the "WellBiz Brands"). (Decl. Ariel Clay ("Clay Decl.") ¶¶ 1–2, 8, Nov. 13, 2023, Docket No. 13; Decl. Emeric J. Dwyer ("Dwyer Decl.") ¶¶ 4–5, Exs. 1–2, Dec. 4, 2023, Docket No. 23.) The WellBiz Brands operate as a franchise model—WellBiz manages the WellBiz Brands, which are franchisors, and the individual brand studios are independent franchisees. (Clay Decl. ¶¶ 8–9*.*) There are more than 900 WellBiz Brands franchisee locations across the United States[1]—twelve of which are in Minnesota. (Dwyer Decl. ¶ 6, Ex. 4 at 2–4.)

---

[1] The Court takes judicial notice of information provided on WellBiz's website, https://wellbizbrands.com. *See WinRed, Inc v. Ellison*, 581 F. Supp. 3d 1152, 1167 n.9 (D. Minn. 2022), *aff'd*, 59 F.4th 934 (8th Cir. 2023) (taking judicial notice of information provided on a party's website).

As affiliates, GP MBM is managed by WellBiz and offers a WellBiz Brands membership subscription program called GlowPass. (Compl. ¶¶ 10, 12; Reply Mem. Mot. Dismiss at 2, Dec. 18, 2023, Docket No. 28.) The GlowPass membership subscription offers savings on the wellness and beauty services offered by the WellBiz Brands. (Clay Decl. ¶ 10.) GlowPass is advertised on GP MBM's website but only applies to the WellBiz Brands locations in Denver, Colorado and Scottsdale, Arizona. (*Id.* ¶¶ 10, 14–15; Dwyer Decl. ¶ 4, Ex. 2 at 3–4.)

goGLOW alleges that GP MBM unlawfully used goGLOW's registered trademark in the GlowPass logo, which provides services that are "related and competitive" to those provided by goGLOW. (Compl. ¶¶ 7–8, 13, 15, 33.) The GlowPass logo, goGLOW contends, infringes upon goGLOW's registered trademark because it is "confusingly similar." (Compl. ¶¶ 34, 35.) goGLOW seeks compensatory damages and an order enjoining GP MBM from using the Infringing trademark. (*Id.* at 15–16.)

## II.   PROCEDURAL HISTORY

goGLOW filed this action on September 1, 2023. (*See* Compl.) GP MBM then moved to dismiss goGLOW's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Mot. Dismiss, Nov. 13, 2023, Docket No. 10.) GP MBM argues that the Court lacks general jurisdiction because GP MBM is not "at home" in Minnesota. (Mem. Supp. Mot. Dismiss at 6–7, Nov. 13, 2023, Docket No. 12.) Alternatively, GP MBM asks the Court to dismiss this action for *forum non conveniens* and

transfer the action to the District of Colorado.  (*Id.* at 13.)  goGLOW contends that GP MBM is "at home" in Minnesota through its affiliate relationship with WellBiz, but alternatively moves the Court for jurisdictional discovery if the Court finds that personal jurisdiction has not been established.  (Mem. Opp'n Mot. Dismiss at 10, Dec. 4, 2023, Docket No. 21; Mot. Disc., Dec. 4, 2023, Docket No. 24; Mem. Supp. Mot. Disc. at 1, Dec. 4, 2023, Docket No. 25.)

## DISCUSSION

### I.   MOTION TO DISMISS

#### A.   Standard of Review

When a party challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff "must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state."  *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (alteration in original) (internal quotation marks omitted).  Although the evidence necessary to make that prima facie showing is minimal, it must be "tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion."  *Id.* at 592 (internal quotation marks omitted).  The Court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor.  *Id.*

-4-

**B.     Analysis**

GP MBM moves the Court to dismiss goGLOW's complaint for lack of personal jurisdiction. The Court can exercise personal jurisdiction over a nonresident defendant if (1) Minnesota's long-arm statute, Minn. Stat. § 543.19, is satisfied; and (2) the exercise of personal jurisdiction would not offend due process. *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). Because Minnesota's long-arm statute extends the personal jurisdiction of Minnesota courts as far as the federal constitutional requirements of due process allows, *In re Minn. Asbestos Litig.*, 552 N.W.2d 242, 246 (Minn. 1996), the Court need only evaluate whether the exercise of personal jurisdiction would comport with the requirements of due process, *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998).

Personal jurisdiction can be specific or general. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists when a defendant's contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home in the forum State" and permits a court to hear any type of claim against the defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear*, 564 U.S. at 919). Specific jurisdiction exists when a defendant has "certain minimum contacts" with the forum state and the plaintiff's claim "arises out of or relates to [those] contacts." *Id.* at 126–27 (cleaned up). In its Motion to Dismiss, GP MBM argues that the Court lacks both general and specific jurisdiction. However, goGLOW does not argue that GP MBM is subject to specific jurisdiction in Minnesota, only general

jurisdiction.  (*See* Mem. Opp'n Mot. Dismiss at 24.)  Accordingly, the Court will only consider whether GP MBM is subject to general jurisdiction in Minnesota.

General jurisdiction exists when a corporation is incorporated or has its principal place of business in the forum state.  *Daimler*, 571 U.S. at 137.  In addition, in exceptional cases, general jurisdiction exists when a corporation's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Goodyear*, 564 U.S. at 919).  A corporation, however, is not subject to the general jurisdiction of every State in which it "engages in a substantial, continuous, and systematic course of business."  *Id.* at 137–38.

Neither GP MBM's principal place of business nor its place of incorporation is in Minnesota.  However, goGLOW contends that GP MBM is subject to general jurisdiction in Minnesota because it is an alter ego of WellBiz, which goGLOW claims is "at home" in Minnesota.  *See Finn v. Moyes*, No. 14-1293, 2017 WL 1194192, at *7 (D. Minn. Mar. 30, 2017) (citing *JL Schwieters Constr., Inc. v. Goldridge Constr., Inc.*, 788 N.W.2d 529, 535–36 (Minn. Ct. App. 2010) (holding that a foreign corporation may be subject to personal jurisdiction by virtue of its subsidiary's activities in the forum, so long as the companies are organized and operated in such a way that the subsidiary corporation is an instrumentality or alter ego of the parent foreign corporation).  The Court will first determine whether WellBiz is subject to personal jurisdiction by virtue of its affiliations in Minnesota, as goGLOW's alter-ego theory is premised on WellBiz being subject to general

jurisdiction in Minnesota. For WellBiz to be considered "at home" for personal jurisdiction purposes, WellBiz's affiliations with Minnesota must be continuous and systematic. *Daimler*, 571 U.S. at 127.

goGLOW argues that WellBiz's "contacts" with Minnesota are "regular and systematic" because WellBiz exerts considerable control over the twelve independent WellBiz Brand franchises that are located in Minnesota. (Mem. Opp'n Mot. Dismiss at 18, 22.) However, there are two problems with goGLOW's theory. First, "regular and systematic **contacts**" are considered in a specific jurisdiction inquiry, whereas "continuous [or regular] and systematic **affiliations**" are considered to determine whether a court has general jurisdiction. *Daimler*, 571 U.S. at 138–39 (emphasis added). Second, although caselaw applying *Daimler* to franchisor-franchisee situations is lacking, *Daimler* makes clear that WellBiz's affiliations with Minnesota through its franchisees are not one of the "exceptional circumstances" sufficient to confer general jurisdiction over WellBiz.

In *Daimler*, the plaintiffs filed their action in California against a corporation that was neither incorporated nor headquartered in California, alleging violative conduct that occurred outside of California. *Id.* at 122–23. The defendant corporation had a subsidiary that was also neither incorporated nor headquartered in California. *Id.* Because the plaintiffs could not reach the parent corporation, the plaintiffs argued that the unnamed subsidiary had affiliations with California that were sufficient to confer personal

jurisdiction over the parent corporation. *Id.* at 122–23.  In particular, the subsidiary had three California-based facilities; the subsidiary was the largest supplier of luxury vehicles in California; and the subsidiary's California vehicle sales accounted for 10% of all sales of new vehicles in the United States and 2.4% of the corporation's worldwide sales.  *Id.* at 123.

The Supreme Court, however, was not convinced that the subsidiary's affiliations with California were "so continuous and systematic" as to render the parent corporation "at home" in California.  *Id.* at 136.  The court reasoned that if these activities sufficed to confer general jurisdiction, then presumably, jurisdiction would be available in every state where the corporation's sales were sizable.  *Id.* at 138–39.  Concluding otherwise would be an "exorbitant" exercise of general jurisdiction that would be inconsistent with due process demands.  *Id.* at 139, 142.

Here, WellBiz's affiliations with Minnesota are even less significant than the subsidiary's affiliations in *Daimler*.  WellBiz's only affiliation with Minnesota is through twelve of its 900-plus franchisees, which are independently owned and managed.  To consider the twelve franchisees' affiliations sufficient to confer jurisdiction, presumably, would subject WellBiz to general jurisdiction in every state in which it has franchisees.  This would surely constitute a "sprawling view of general jurisdiction" rejected by the Supreme Court.  *Goodyear*, 564 U.S. at 929.  Indeed, exercising general jurisdiction over WellBiz based on its sparse affiliations with Minnesota would be inconsistent with

constitutional due process requirements. Accordingly, because WellBiz is not subject to general jurisdiction in Minnesota, the Court need not determine whether GP MBM is an alter ego of WellBiz.

That said, the Court does note its skepticism of WellBiz's corporate structure, which allows WellBiz and its affiliates to conveniently avoid litigation in many states where they would otherwise be subject to personal jurisdiction. Ultimately, however, WellBiz's affiliations with Minnesota are too attenuated to establish general jurisdiction over it in this case. For this reason, the Court will grant GP MBM's Motion to Dismiss for lack of personal jurisdiction.

## II.   MOTION FOR JURISDICTIONAL DISCOVERY

goGLOW requests the opportunity to conduct jurisdictional discovery to investigate the nature and extent of GP MBM's and WellBiz's relationship. These facts, goGLOW alleges, are germane to personal jurisdiction because an alter ego relationship between a foreign parent corporation and its local subsidiaries affords the Court with personal jurisdiction over those corporations.

The Court has discretion to allow limited jurisdictional discovery on a motion to dismiss for lack of personal jurisdiction if ascertaining additional facts will help resolve the jurisdictional issue. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Such discovery should be permitted when a plaintiff "offer[s] documentary evidence, and not merely speculations or conclusory allegations" regarding a defendant's contacts with the forum. *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008). Jurisdictional discovery,

however, is unwarranted when, even if the allegations were proven, it would still be insufficient to support personal jurisdiction. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (affirming the district court's denial of plaintiff's motion for jurisdictional discovery because the facts central to the court's conclusion were not in dispute).

Like *Viasystems*, this is not a case where the facts necessary to resolve the jurisdictional issue are unknown or disputed. *See id.* goGLOW's alter ego-based jurisdictional argument fails because even assuming that GP MBM is an alter ego of WellBiz, the Court does not have general jurisdiction over WellBiz because WellBiz is not "at home" in Minnesota. Irrespective of the nature and extent of GP MBM's relationship with WellBiz, those facts do not impact whether WellBiz is "at home" in Minnesota. Rather, the facts central to the Court's inquiry is whether WellBiz's affiliations with Minnesota are sufficient to confer general jurisdiction. Because such affiliations are insufficient and goGLOW's request for jurisdictional discovery is not aimed at discovering facts that would alter that conclusion, there is no need for jurisdictional discovery.

goGLOW does not contend that the Court has personal jurisdiction under any other theory and has not provided other documentary evidence in support of personal

jurisdiction that suggests that discovery would demonstrate facts sufficient to constitute a basis for jurisdiction.[2]  Accordingly, the Court will deny goGLOW's Motion for Discovery.

## CONCLUSION

Although goGLOW may have been harmed in Minnesota, this District is not the appropriate forum to bring its claims.  Instead, the District of Colorado, where litigation has already commenced, is a better forum.  *GP MBM, LLC v. GoGlow Enterprises, LLC*, 23-3454, Docket No. 1 (D. Col. Dec. 29, 2023.)  Therefore, the Court will grant GP MBM's Motion to Dismiss for lack of personal general jurisdiction, and the Court need not consider any of the other arguments raised.  Because none of the facts necessary to resolve the jurisdictional question are unknown or disputed, there is no need for additional jurisdictional discovery.  Accordingly, the Court will deny goGLOW's Motion for Discovery.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] At argument goGLOW briefly mentioned it would alternatively like to conduct jurisdictional discovery to determine if GP MBM is subject to specific jurisdiction in Minnesota.  In addition to this argument being forfeited by goGLOW, it is unavailing.  GP MBM submitted evidence that no "sales of any GlowPass membership have ever occurred in Minnesota" and, as stated above, there are no participating GlowPass membership locations in Minnesota.  (Clay Decl. ¶ 22.)  Furthermore, goGLOW fails to provide documentary evidence indicating the contrary.  *Steinbuch*, 518 F.3d at 589.

1. Defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 10] is **GRANTED;** and

2. Plaintiff's Motion for Discovery [Docket No. 24] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 15, 2024                                s/John R. Tunheim  
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM  
                                                                      United States District Judge